J. C. BELLAH et ux., Appellants,

v.

The FIRST NATIONAL BANK OF
HEREFORD, Appellee.

No. 4516.

Court of Civil Appeals of Texas,
Eastland.

Dec. 3, 1971.

Rehearing Denied Dec. 31, 1971.

Robert L. Templeton & Associates, Inc.
(R. C. Hamilton), Amarillo, for appellants.

Witherspoon, Aikin, Thomas & Langley
(D. Wesley Gulley), Hereford, for appel-
lee.

COLLINGS, Justice.

The First National Bank of Hereford brought suit against J. C. Bellah and wife, Fern Bellah, for a deficiency judgment after the sale of property at a trustee sale which failed to satisfy the note. The original note dated January 29, 1969 was in the principal sum of $247,154.22. The bank also sought to recover on a subsequent note signed by the defendants on February 13, 1970 in the sum of $11,275.00, and to recover the amount of $2,300.56 paid by the bank to cover an overdraft in the account of J. C. Bellah and $4,774.30 paid by the bank for ad valorem taxes on the property subject to the deed of trust liens in question for the years 1965, 1968 and 1969. On March 8th of 1970, appellee bank filed this suit for recovery of the amounts hereinbefore described. In April of 1971, appellee filed its motion for summary judgment with affidavits in support thereof. Thereafter appellants filed their "Defendants' First Amended Original Answer", seeking affirmative recovery against appellee bank and to set aside the trustee sale of March 3, 1970, and filed affidavits in support thereof. In May of 1971 appellee bank as plaintiff and cross defendant filed its first amended motion for summary judgment together with affidavits in support thereof. After a hearing on June 2, 1971 the court granted the bank's motion for summary judgment against the Bellahs and that the defendants take nothing by way of their cross action. The Bellahs have appealed.

■ In appellants' first point it is contended that the court erred in granting the bank's motion for summary judgment which was filed only five days before the hearing thereof on June 2, 1971. The point is overruled. The bank's original motion for summary judgment and the affidavits in connection therewith were filed on April 8, 1971. On April 22, 1971 J. C. and Fern Bellah filed their original answer and a cross action against the bank. Appellants admit in their brief that after the

filing of their original motion they had more than ten days notice of the summary judgment hearing which was set for June 2, 1971. The record shows that on May 28, 1971 the bank filed its original answer to appellants' cross action and its first amended original motion for summary judgment together with affidavits in support thereof which was also set for hearing on June 2, 1971. Appellants appeared at the hearing on motion for summary judgment on June 2, 1971 which was only five days after the filing of the amended motion. They made no objection to the holding of the hearing on that date, and made no request for additional time in which to prepare therefor by way of a continuance or otherwise. The judgment of the court states and shows that appellants were properly before the court for the hearing upon the motion.

Any error of the court in considering a second amended petition and in ruling on the amended motion for summary judgment before the expiration of ten days after the filing thereof as required by Rules 21a and 166-A(c), Texas Rules of Civil Procedure was waived where appellants, as here, did not object or except to the action of the court. Fowler v. Texas Employers' Insurance Association, 237 S.W.2d 373 (Tex.Civ.App., 1951, writ ref.); Chalkley v. Ashley, 392 S.W.2d 752 (Tex.Civ.App., 1965, no writ hist.); Teneha Oil Company v. Blount, 368 S.W.2d 655 (Tex.Civ.App., 1963, no writ hist.).

■ We overrule appellants' second point in which it is urged that the court erred in rendering a personal judgment against the appellant wife, Mrs. Fern Bellah, for the reason that she was a married person and there was no pleadings or proof that the deed was for her necessities or for the benefit of her separate property. The record shows that she was a married person at the time of the trial, and was a married person at the time she executed the original note on January 29, 1969. In 1963 the Texas Legislature removed all im-

pediments previously existing to the power and authority of a woman to contract and to bind her separate estate, and to sue and to be sued by reasons of her status as a married woman. Kitten v. Vaughn, 397 S.W.2d 530 (Tex.Civ.App., 1965, no writ hist.); Swinford v. Allied Finance Company of Casa View, 424 S.W.2d 298 (Tex. Civ.App., 1968, writ dism.); Broadway Drug Store of Galveston v. Trowbridge, 435 S.W.2d 268 (Tex.Civ.App., 1968, no writ hist.). When the $11,275.00 note was executed by Mr. and Mrs. Bellah on February 13, 1970, the Texas Family Code was in effect. Section 4.03 of that code, V.T. C.A., provides that: "Except as expressly provided by statute or by the constitution, every person who has been married in accordance with the law of this state, regardless of age, has the power and capacity of an adult, including the capacity to contract." Mrs. Bellah was a principal obligor on the notes in question and by the terms of the statute was liable thereon. The court properly entered judgment against her on both notes.

In appellants' fourth and fifth points it is contended that the court erred in holding as a matter of law that the attorney's fees awarded to the bank were reasonable, and in any event that a fact question was raised by appellants as to the reasonableness of the attorney's fees under the notes here involved, and that the court therefore erred in granting summary judgment therefor. Each of the notes sued upon herein contained the following provision concerning attorney's fees:

"If this note is not paid according to its terms and is placed in the hands of an attorney for collection, or if claim be filed hereon in any Probate, Bankruptcy or Receivership proceedings; or if collection of this note or any part thereof shall be enforced by the sale of any security therefor, whether matured by expiration of time or by the exercise of the option given the holder to mature it, the makers, endorsers, guarantors and sureties and all other parties now or

hereafter personally liable hereon here now agree to and shall pay an additional amount equal to a reasonable sum no less than 10% of the principal and interest then remaining unpaid to the legal owner or holder hereof as attorney's or collection fees; such is an integral part of the total secured debt evidenced hereby, which includes principal, interest and such fees."

As indicated the notes provided for "a reasonable sum not less than 10% of the principal and interest then remaining unpaid". In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (Sup.Ct.1960) it was stated as follows:

"It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable. The usual attorney's fee clause is, however, in the nature of a contract of indemnity and cannot be regarded as providing for liquidated damages or a penalty. Upon a proper showing the holder will be limited to an amount which is reasonable under the circumstances, . . ."

Under the facts and circumstances in the instant case, we are convinced that under the holding in the Kuper case a genuine issue of fact has been presented on the issue of attorney's fees, and that the court erred in entering summary judgment therefor. Judgment was also rendered against Fern Bellah for the amount of the overdraft although she was not a party thereto. Appellant Fern Bellah urges that such action by the court was error. Appellee bank concedes that it was error to so render judgment against Mrs.

Bellah and that the judgment should be reformed so as not to hold Fern Bellah liable for the amount of the overdraft. The judgment is therefor reversed and rendered in favor of Mrs. Fern Bellah insofar as it grants judgment against her for the sum of $2,300.56 to cover an overdraft in the account of J. C. Bellah.

We overrule appellants' sixth point in which it is contended that a question of fact was raised by appellants on their claim for damages by reason of the sale of the property for an inadequate consideration by the trustee to the bank in an en masse sale when the bank reported to appellants that the forfeiture sale would not be made and that the judgment was therefore improperly rendered.

■ Mr. Bellah in his deposition admitted the execution of the notes and deed of trust by himself and his wife, and admitted that the bank had a valid mortgage on the land described in the deed of trust. There is no denial of the fact that Mr. and Mrs. Bellah failed to pay the money required under the two notes and the taxes which were paid by the bank, and that although demand has been made for the payment of such sums that no payment thereof has been made. It is undisputed that the bank has incurred and will continue to incur a loss well in excess of $50,000.00 in disposing of the property purchased by it at the foreclosure sale on March 3, 1970. As heretofore noted the record shows that Mr. Bellah knew that the property was posted and advertised for foreclosure and sale on March 3, 1970; that Mr. Bellah also knew that public notice of the sale had been posted and that he had been advised by his attorney that the sale was going to take place on that date. Mr. Bellah admitted that he did not have anyone present at the sale to bid on all or any part of the property. He admitted in his deposition that he did not attend the sale, did not have any purchasers at the sale, and did not know whether anyone was there or not.

■ Concerning the sale of the property as a whole, the deed of trust of January 29, 1969, expressly authorizes and empowers the trustee or substitute trustee conducting a sale and foreclosure thereunder to sell the property described as a whole or in parts. This deed of trust was signed by Mr. and Mrs. Bellah. The undisputed evidence shows that the only persons present at the sale were Mr. Jack Wilcox, substitute trustee, and Mr. James W. Witherspoon, and Conway Kuykendall; that Mr. Wilcox stated that he was prepared, ready and willing to sell the property in separate parcels at the sale if desired but that no one requested him to conduct the sale in that manner. As above indicated, Mr. Bellah admitted that he did not have anyone present at the sale to bid on the property in individual parcels or otherwise. There is no evidence showing that a better price would have been realized by conducting the sale in a manner different from what it was conducted or that a different beneficial result would have accrued to appellants. There is no evidence that the selling of the property as a whole instead of in parcels operated as an injury to appellants. Under the deed of trust it was within the discretion of the trustee to sell the property as a whole or in separate parcels. Appellants' point complaining of such action by the trustee is overruled.

Appellants' points are all overruled except those complaining of the holding that Mrs. Bellah was liable for the overdraft in the account of J. C. Bellah, and the judgment for attorney's fees. The portion of the judgment holding Mrs. Bellah liable for the overdraft is reversed and rendered in favor of Mrs. Bellah. The judgment against appellants for attorney's fees is reversed and remanded for a trial on the merits of that question.

The judgment is therefore affirmed in part and reversed and rendered in part and in part reversed and remanded as above indicated.