Olen W. YANDELL, Appellant,

v.

TARRANT STATE BANK, Appellee.

No. 17735.

Court of Civil Appeals of Texas,
Fort Worth.

June 25, 1976.
Rehearing Denied July 23, 1976.

Garrett, Settle & Callaway and Peveril O. Settle, Jr., Fort Worth, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne and Don C. Plattsmier, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The Tarrant State Bank, appellee, filed this suit against Olen W. Yandell, appellant, as guarantor of a note made by Circle Y Farms, Inc., payable to the order of appellee, and did not join the maker of the note as a party defendant in the case.

The appellant filed a plea in abatement alleging that the maker of the note was a necessary party in view of Rule 31, T.R.C.P., and asked that the case either be dismissed or abated until the maker was made a party to the suit. The appellee had in its trial petition alleged two reasons why it says it was not required by law to make the maker of the note a party to the suit against appellant, those reasons being: (1) Circle Y Farms, Inc., was actually or notoriously insolvent and has instituted a bankruptcy proceeding that is still pending, and (2) in the alternative, the joinder of Circle Y Farms, Inc., is unnecessary because in the guaranty agreement it specifically waived its right to require the joinder of the maker of the note as a party to the suit.

The note involved was executed by Circle Y Farms, Inc., by Olen Yandell, on February 9, 1975. It was for the principal sum of $12,000.00. The guaranty involved was in writing and was executed by appellant, Olen Yandell, on November 9, 1974. The guaranty agreement, among others, contained the following provisions:

". . . In particular, and without in any way limiting the foregoing, Guarantor waives any right to have Customer joined with Guarantor in any suit brought against Guarantor on this guaranty, and further waives any right to require Bank to forthwith sue Customer to collect the Obligations as a prerequisite to Bank's taking action against Guarantor under this guaranty. . . ."

The appellee filed a motion for summary judgment wherein it again alleged that it was not necessary for it to make Circle Y Farms, Inc., the maker of the note, a party to the suit for the two reasons set out above.

The trial court overruled appellant's plea in abatement and granted a summary judgment in appellee's favor for $12,000.00 plus $1,200.00 attorney's fee, with interest on the entire amount from date of judgment at the rate of 9% per annum.

This appeal is brought by appellant, Yandell, from that summary judgment.

We reverse the part of the judgment that awards a recovery of attorney's fees and remand that part of the case for a new trial. The rest of the judgment is affirmed.

Rule 31, T.R.C.P., provides: "No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules."

Article 1986, V.A.T.S., provides:

"The acceptor of a bill of exchange, or a principal obligor in a contract, may be sued either alone or jointly with any other party who may be liable thereon; but no judgment shall be rendered against a party not primarily liable on such bill or other contract, unless judgment be also rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided."

Article 1987, V.A.T.S., provides:

"The assignor, indorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without suing the maker, acceptor or other principal obligor, when the principal obligor resides beyond the limits of the State, or where he cannot be reached by the ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent."

The rule and statutes just referred to relating to parties in cases such as this apply to guarantors, both in instances

where the guaranty is absolute, and also where it is conditional. *Wood v. Canfield Paper Co.,* 117 Tex. 399, 5 S.W.2d 748 (1928, op. ad.).

The summary judgment appealed from does not show which of the two reasons urged by appellee was considered by the trial court as being the one that authorized the appellee to bring this suit against the appellant guarantor without joining the maker of the note as a party to the suit. Because of that fact the appellant has undertaken to show in his brief, as it had to do in order to get a reversal, that the maker of the note was not actually or notoriously insolvent, and also that the rule and statutes above referred to providing that the maker should be a party to the suit could not be waived. See *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.Sup., 1964); *Hudson v. Buddie's Super Markets, Inc.,* 488 S.W.2d 143 (Tex.Civ.App., Fort Worth, 1972, no writ hist.); and *LeJeune v. Gulf States Utilities Company,* 410 S.W.2d 44 (Tex.Civ.App., Beaumont, 1966, ref., n. r. e.).

■ In appellant's 5th and 6th points of error he contends that the trial court erred in holding that the maker of the note, Circle Y Farms, Inc., was either actually or notoriously insolvent. If the maker of the note had been actually or notoriously insolvent then an exception to Rule 31 would have existed. See Art. 1987, V.A.T.S.

The rule relied on by appellant in this case as entitling him to a reversal is stated in 53 Tex.Jur.2d 655, Suretyship, Sec. 89, as follows: "But where on the face of the record the relationship of the parties appears to be principal and surety, and no excuse is pleaded and proved for nonjoinder of the principal, a judgment against the surety alone is erroneous, irrespective of whether objection was raised in the lower court."

The only references in the transcript to this insolvency issue are contained in the plaintiff's petition, the motion for summary judgment, and in the affidavit of Ted Hughes, the president of appellee bank, which affidavit was submitted in support of appellee's motion for summary judgment.

Appellee's unsworn petition contained the following allegations: "The maker and principal of the aforesaid promissory note, Circle Y Farms, Inc., is now and was, at the time this suit was instituted, actually or notoriously insolvent in that said corporation has filed a petition in bankruptcy and said bankruptcy proceedings are now pending. Consequently, said corporation is not, and need not be, joined as a defendant herein."

These allegations were repeated in appellee's unsworn motion for a summary judgment.

The allegations in those pleadings as to insolvency did not constitute any summary judgment evidence that the trial court could consider in determining at the summary judgment hearing that Circle Y Farms, Inc., was actually or notoriously insolvent. *Humphreys v. Texas Power & Light Company,* 427 S.W.2d 324 (Tex.Civ. App., Dallas, 1968, ref., n. r. e.) and *Richardson v. Thompson,* 390 S.W.2d 830 (Tex. Civ.App., Dallas, 1965, ref. n. r. e.).

The affidavit of Ted Hughes, president of appellee bank, contained the following statement: "Tarrant State Bank has heretofore received a notice of bankruptcy proceedings concerning Circle Y Farms, Inc., a true and correct copy of which is attached to this affidavit. Tarrant State Bank has not received any notification that said proceedings have been dismissed and said proceedings are believed by affiant to be still pending."

And attached to that affidavit was a copy of the notice that Hughes swore had been served on Tarrant State Bank advising it that bankruptcy proceedings had been instituted involving Circle Y Farms, Inc.

The statement in the Hughes' affidavit is the only summary judgment evidence in the record on the insolvency issue. That evidence did not establish as a matter of law that Circle Y Farms, Inc., the maker of the note, was actually or notoriously insolvent.

We therefore hold that appellant is correct in his contentions in points of error

Nos. 5 and 6 that appellee did not prove as a matter of law at the summary judgment hearing that the maker of the note was actually or notoriously insolvent. This alone, however, does not entitle the appellant to a reversal of the case. Appellee had alleged that there was another reason why it was entitled to sue the guarantor without joining the maker of the note, said reason being that the guarantor had waived its right to have the maker of the note made a party to the suit.

In appellant's second, third and fourth points of error he contends that the trial court erred in permitting appellant as guarantor of the note, to be sued without joining the maker as a party defendant, and in holding that the guarantor of the note could legally waive the right given to him by Rule 31 and Articles 1986 and 1987 to have the maker of the note joined in this suit as a party defendant.

We overrule those points of error.

■ By the paragraph that we have hereinabove quoted out of the guaranty agreement the appellant, guarantor, did expressly waive the right given him by Rule 31 and the statutes referred to, to have the maker of the note joined in this suit as a party defendant. It would be hard to think of language that would more clearly express an agreement to waive that right.

The real question presented here is: assuming that appellant did for a valuable consideration expressly agree to waive his statutory right to have the maker of the note joined in the suit as a party defendant, is the agreement valid and enforceable?

■ A surety is a favorite in the law. *Jarecki Mfg. Co. v. Hinds*, 295 S.W. 274 (Tex.Civ.App., Eastland, 1927, writ. dism. in 6 S.W.2d 343).

Rule 31, T.R.C.P., and the above mentioned statutes give the surety the right or privilege of having his principal made a party defendant to any suit brought against the surety. The rights or privileges bestowed by that rule and by those statutes are solely for the benefit of the surety.

The following is from *United Benefit F. Ins. Co. v. Metropolitan Plumbing Co.*, 363 S.W.2d 843 (Tex.Civ.App., El Paso, 1962, no writ hist.), at page 847: "It is well settled that a right or privilege given by statute may be waived or surrendered, in whole or in part, by the party to whom or for whose benefit it is given, if he does not thereby destroy the rights and benefits conferred upon or flowing to another in or from the statute or other legal or equitable source."

In *Zurich General Accident & Liability Ins. Co. v. Fort Worth Laundry Co.*, 63 S.W.2d 236 (Tex.Civ.App., Fort Worth, 1933, no writ hist.), the Court said: " 'The doctrine of waiver from its nature, is applicable, generally speaking, to all rights or privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution. * * * ' "

■ A person can even waive rights given to him by the constitution. *Young v. City of Colorado*, 174 S.W. 986 (Tex.Civ. App., Fort Worth, 1915, writ ref.), and see 60 Tex.Jur.2d 194, Waiver, Sec. 10.

A case that is directly in point on the issue of whether or not an agreement to waive the joinder rule is valid and enforceable, is *Moore v. Downie Bros. Circus*, 164 S.W.2d 420 (Tex.Civ.App., Fort Worth, 1942, no writ hist.). In that case suit was brought on a guaranty agreement in which the guarantor had agreed to waive the joinder of the principal obligor in a suit. Plaintiff's right to sue the guarantor without making the principal obligor a party was challenged by special exception. The trial court overruled the special exception and it was contended that this ruling was erroneous. The court there said on this point: "Sufficient answer to this contention is that the written obligation sued on, with all its provisions, was specifically pleaded; by its terms defendant agreed that he would perform without involving W. M. Moore (the principal obligor)." Our analysis of that opinion is that the point referred to was one of two grounds on which the case was affirmed. We do not consider the holding to be dicta.

Other opinions wherein the language used indicates that the courts involved believed that rights such as those involved here can be waived are: *Universal Metals & Machinery, Inc. v. Bohart*, 539 S.W.2d 874, 19 Tex.Sup.Ct.J. 212 (Tex.Sup., 1976), and *Zimmerman v. Bond*, 392 S.W.2d 149 (Tex.Civ.App., Dallas, 1965, no writ hist.). See also 28 Am.Jur.2d 850, 851, Estoppel and Waiver, Sec. 164; and 60 Tex.Jur.2d 193, Waiver, Sec. 10.

In this case the rights waived were rights created by the rule and statutes involved solely for the benefit of the guarantor (appellant). By waiving his right to have the maker made a party defendant he did not destroy rights and benefits conferred on anyone else by the rule or by the statutes or by any other legal or equitable sources.

We hold that the appellant's agreement to waive his right to have the maker of the note made a party defendant is valid and enforceable and that the trial court did not err in overruling appellant's plea in abatement.

In appellee's petition it pleaded this waiver as entitling it to bring the action without joining the Circle Y Farms, Inc., as a party, and at the summary judgment hearing appellee proved by affidavit the execution of the guaranty agreement by Yandell and its contents. We are convinced that appellee established its right to the summary judgment for the $12,000.00.

After we had prepared the opinion in this case, but before it had been handed down, we have received a copy of the opinion of the Beaumont Court of Civil Appeals in the case of *Walter Cook v. Citizens National Bank of Beaumont*, 538 S.W.2d 460 which opinion was handed down on June 10, 1976.

In the *Cook* case the principal question before the court was whether Rule 31 and the related statutes apply in instances where the guarantor has become primarily liable by contract on the debt. Up until the decision in the case of *Wood v. Canfield Paper Co.*, supra, there had been a conflict in the decisions on that point. That case held that the statute which is now set out in Rule 31 and its related statutes apply even

if the guarantor is primarily liable. They apply to both absolute and conditional guarantors. Since the Supreme Court adopted the opinion of the Commission of Appeals in the *Wood* case, and has not overruled it as far as we can find, we agree with the Beaumont Court in its conclusion that the holding in the *Wood v. Canfield* case is still the law.

The holding in the *Cook* case has not changed our opinion hereinabove announced, that the requirement of Rule 31 and its related statutes that the maker of a note be made a party in a suit against a guarantor of said note can be waived by the guarantor.

Appellant's 7th point of error is that the trial court erred in awarding attorney's fees in this case by summary judgment.

We sustain the point.

The guaranty agreement sued on contained the following provision relating to attorney's fees: "Whenever an attorney is used to collect or enforce any rights of Bank against Guarantor under this guaranty, whether by suit or other means, Guarantor agrees to pay to Bank *a reasonable attorney's fee,* which shall in no event be less than ten per cent of the amount owing to Bank hereunder, together with all other costs and expenses of collection." (Emphasis supplied.)

In appellee's trial petition it pleaded that there was $12,000.00 unpaid on the note to the Bank, that it was past due, that it had to hire an attorney to enforce its guaranty agreement and that it was entitled to recover under the agreement an additional amount of $1,200.00, which was reasonable as an attorney's fee. It prayed for a recovery of that amount as attorney's fees. This amount would be 10% of the principal amount owed to the bank. The defendant's answer only contained a general denial.

In its motion for summary judgment the Bank also asked for recovery as attorney's fees of a sum equal to 10% of the $12,000.00 principal due on the note. The summary judgment awarded the Bank a recovery of

10% of the amount that was unpaid, that is $1,200.00 as attorney's fees.

The case of *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960) involved the law relating to recovery of attorney's fees in cases similar to the one here involved. The note there sued upon provided for the recovery of 10% attorney's fees if the note was placed in the hands of an attorney for collection. A summary judgment was rendered awarding 10% of the unpaid balance of the note as attorney's fees. The following is from the opinion in that case at page 950:

"It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable. The usual attorney's fee clause is, however, in the nature of a contract of indemnity and cannot be regarded as providing for liquidated damages or a penalty. Upon a proper showing the holder will be limited to an amount which is reasonable under the circumstances, and may be denied any recovery where it appears that no expense has been incurred as a result of the maker's default."

In *International Shelters v. Corpus Christi St. N. Bank,* 475 S.W.2d 334 (Tex. Civ.App., Corpus Christi, 1971, no writ hist.), the maker of the note had agreed to pay 15% of the unpaid amount as attorney's fees. The plaintiff sued on the note and for the attorney's fees therein provided for. The court granted summary judgment for plaintiff for the balance due on the note plus 15% thereof as an attorney's fee. The defendant's only pleading was a general denial. It did not file defensive pleadings. That court said at page 336:

"The affirmative defense of unreasonableness of attorney's fees must be both pled and proved. This is supported by nu-

merous authorities." The court went ahead to hold that where the 15% attorney's fees agreed upon by the parties was not alleged by defendant to be unreasonable proof of the reasonableness of the percentage that the maker and payee have fixed by contract is not required. The court said further at page 337: "If appellant expected to defeat the motion for summary judgment by showing genuine issues of fact with respect to reasonableness of attorney's fees . . it was incumbent on it to first affirmatively plead these defenses."

The situation involved in this case is not the same as was involved in the *Kuper* case and in the *International Shelters* case, both supra. In each of those cases the agreement as to attorney's fees was that a fixed percentage of the unpaid sum would be paid as attorney's fees. There was in those cases no specific agreement to pay a reasonable attorney's fee. The requirement that the percentage agreed upon would have to provide a sum that would not be unreasonable was brought into the picture by the courts upon their holding that the attorney's fee agreements were generally contracts of indemnity, as distinguished from agreements providing for liquidated damages.

In the case at hand the parties agreed that the maker would pay the payee a "reasonable" attorney's fee whenever an attorney is used to collect the balance due on the note. It is true that they further agreed that the attorney's fee would in no event be less than 10% of the amount owed on the note. But, bearing in mind that such agreement for recovery of attorney's fees has been declared by the Supreme Court (see the *Kuper* case, supra) to be one of indemnity, as distinguished from an agreement to pay liquidated damages, no attorney's fee at all could be recovered under this agreement, 10% or otherwise, unless the amount recovered was a reasonable fee for the services rendered in collecting the balance of the note. Since the agreement was to pay a "reasonable" attorney's fee, the plaintiff had the burden of pleading and proving what would be a reasonable

attorney's fee for the services rendered to him in collecting the note. This statement applies even if the amount sought as attorney's fees is 10% or less of the unpaid balance.

■ The question of what sum would constitute a "reasonable" attorney's fee, which question had to be determined in this case, is a fact issue that cannot be determined at a summary judgment hearing. *Lindley v. Smith,* 524 S.W.2d 520 (Tex.Civ. App., Corpus Christi, 1975, no writ hist.) and *Coward v. Gateway Nat. Bank of Beaumont,* 525 S.W.2d 857 (Tex.Sup., 1975).

A case that supports our holding that the learned trial court erred in awarding attorney's fees at the summary judgment hearing under the facts of this case is *Bellah v. First National Bank of Hereford,* 474 S.W.2d 785 (Tex.Civ.App., Eastland, 1971, ref., n. r. e.). There the same result that we have reached was reached in a case where the attorney's fee provision was practically the same as the one involved here. The note involved in the *Bellah* case provided that the persons personally liable on the note agreed to pay "an additional amount equal to *a reasonable sum no less than 10% of the principal and interest then remaining unpaid* . . . as attorney's . . . fees . . . ." The opinion in the *Bellah* case does not disclose what amount was awarded by the trial court as attorney's fees. In view of that omission we obtained a copy of the trial court's judgment that was appealed from in the *Bellah* case and find that the trial court awarded as attorney's fees 10% of the amount of the unpaid principal and interest due on the note.

That is what the trial court did in the case before us and the court in the *Bellah* case held that in awarding attorney's fees under the facts of that case the court determined a fact issue, which it could not do in a summary judgment hearing. The fact issue that it did determine was that the amount awarded, the 10% of the unpaid principal and interest, was a reasonable attorney's fee under the facts there involved.

All contentions urged by both parties have been considered and those that are not hereinabove expressly acted on are hereby overruled.

The part of the judgment that awards attorney's fees is reversed and that part of the case is remanded for a new trial of the attorney's fee issue. The rest of the judgment is affirmed. Costs of the appeal are taxed against appellee.