Olen W. YANDELL, Appellants,

v.

**TARRANT STATE BANK, Appellee.**

No. 17928.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 20, 1978.

Garrett, Settle & Callaway and J. R. Green, Jr., Fort Worth, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne and Don C. Plattsmier, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

The issue in this case is whether, after affirmance of summary judgment on the merits and remand for new trial as to the issue of attorney's fees awarded in accordance with the terms of a guaranty agreement the plaintiff may amend his pleadings in order to recover additional attorney's fees incurred in defending the prior appeals.

We affirm the trial court's award of attorney's fees.

This is the second appeal to come before us in this action on a guaranty agreement. In the first appeal, reported at 538 S.W.2d 684 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.) this court affirmed, as to the merits, a summary judgment rendered against Olen W. Yandell for $12,000.00 principal plus interest due on a promissory note under the terms of the guaranty agreement. In the summary judgment proceeding Tarrant State Bank had alleged that under the terms of the guaranty agreement it was entitled to "reasonable attorney's fees incurred . . . in no event less than ten percent (10%) of the amount ow[ing]" to Bank, and sought $1,200.00 in attorney's fees. The guaranty agreement provided:

> Whenever an attorney is used to collect or enforce any rights of Bank against Guarantor under this guaranty, whether by suit or other means, Guarantor agrees to pay to Bank a reasonable attorney's fee, which shall in no event be less than ten per cent of the amount owing to Bank hereunder, together with all other costs and expenses of collection.

The trial court's summary judgment awarded the Bank the $1,200.00 in attorney's fees sought.

In the first appeal, this court sustained Yandell's contention that the trial court erred in awarding the attorney's fees in the summary judgment; reversed that part of the summary judgment awarding the attorney's fees; and remanded that portion of the case to the trial court for a "new trial of the attorney's fee issue." 538 S.W.2d at 690. Costs of the appeal were taxed against the appellee, Tarrant State Bank.

On remand, Bank amended its petition to seek a "reasonable" attorney's fee for services which included the appeals taken from the judgment previously rendered in the trial court. The trial court awarded it $2,750.00. The court's judgment recites that it had determined that the Bank was entitled to reasonable attorney's fees incurred, including those in the appeals from the prior judgment in the case, in the amount of $2,750.00. There are no formal findings of fact and conclusions of law in the record before us.

We overrule Yandell's only point of error that the trial court erred in awarding Bank an attorney's fee for services rendered on appeal.

Yandell argues that the trial court's action permits Bank to profit from its own failure to support the original $1,200.00 award with evidence. As we understand them, Yandell's basic arguments are: (1) that the Bank has waived any right to seek attorney's fees for services rendered in the prior appeals and (2) that attorney's fees are in the nature of costs and should not be permitted as a penalty against a party who prosecutes a successful appeal.

The cases cited by Yandell do no support his contentions in this case. *Loomis Construction Company v. Matijevich,* 425 S.W.2d 39 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ) and *San Antonio v. Intern. Ass'n of Fire Fighters,* 539 S.W.2d

931 (Tex.Civ.App.—El Paso 1976, no writ) are not appeals from summary judgments improperly granted because of the existence of a fact issue as to reasonable attorney's fees. Both the *Loomis* and the *San Antonio* case were appeals from trials in which factual determinations of attorney's fees incurred during trial were made and the prevailing party in the trial court had waived his recovery of future attorney's fees by failing to procure a finding and judgment on that issue in the first trial. In the case at bar the Bank cannot be said to have waived its recovery of reasonable attorney's fees on appeal because it could not properly have obtained the resolution of that fact issue in the summary judgment proceeding.

Nor does *Central Adjustment Bureau, Inc. v. Gonzales,* 528 S.W.2d 314 (Tex.Civ.App.—San Antonio 1975, no writ) support Yandell's waiver argument. There the appellees, by cross-point, asked the appellate court to award attorney's fees for their attorneys' services on appeal. The court noted that the appellees therein had not objected to the failure to include fees on appeal in the issues submitted to the jury. Because their request was made for the first time on appeal, the court held it was too late. Yandell also cites *Volkswagen of America, Inc. v. Licht,* 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ). That case also involved a jury trial rather than a summary judgment, and we do not think it applicable to the situation before us. Yandell argues that the cases cited deny attorney's fees to a successful appellee who does not prove them correctly in the trial court and that they should not be allowed to an unsuccessful appellee whose appeal is "necessitated by his own omission." We distinguish his authorities on the ground that, in the cases cited, a trial had already been held to resolve the fact issues. Here a summary judgment had been rendered and appeal had been taken by Yandell to this court, and to the Texas supreme court only on the merits. The Bank prevailed on the merits in both instances. Both parties acknowledged in oral argument, and our records in the prior appeal reflect, that the Bank did not challenge in the supreme court the remand by this court of the issue of attorney's fees.

Yandell also argues that under Tex.R. Civ.P. 448 the appellant is entitled to recover costs and that attorney's fees "partake of the nature of the costs," citing *Huff v. Fidelity Union Life Insurance Company,* 158 Tex. 433, 312 S.W.2d 493 (1958). He argues that this policy supports his general position. Yandell further cites *King Optical v. Auto. Data Processing, Etc.,* 542 S.W.2d 213, 218 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.) for the proposition that "a trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees if he takes it." This argument overlooks the fact that this award was made in accordance with the terms of the guaranty agreement and also that Yandell was not successful on appeal as to the merits.

Yandell attempts to distinguish *Lampman v. First National Bank in Dallas,* 463 S.W.2d 28 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.) on the grounds that the party in that case had had no opportunity to prove up attorney's fees and had been successful on appeal and therefore, on remand, was properly permitted to amend his petition to obtain additional attorney's fees. We see no reason to distinguish the case on this basis from the one at bar. The judgment of this court in the earlier appeal, which remanded the case in part for new trial on the issue of reasonable attorney's fees, became final. The Bank had the right to amend its pleadings on remand. *Tower Contracting Company v. Flores,* 157 Tex. 297, 302 S.W.2d 396 (1957); *Roberts v. Mullen,* 446 S.W.2d 86 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

Judgment is affirmed.