**CORPUS CHRISTI MUNICIPAL GAS CORP. et al., Appellants,**

v.

**TULOSO–MIDWAY INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 5392.

Court of Civil Appeals of Texas, Eastland.

Feb. 14, 1980.

Rehearing Denied March 13, 1980.

Gerald L. Benadum, Asst. City Atty., Corpus Christi, for appellants.

R. C. Andrews, Asst. County Atty., Corpus Christi, Shelburne J. Veselka, McCreary & Huey, Austin, for appellees.

RALEIGH BROWN, Justice.

This is a summary judgment case. Tuloso-Midway Independent School District sued Corpus Christi Municipal Gas Corporation and City of Corpus Christi for delinquent taxes assessed against property held in the name of Corpus Christi Municipal Gas Corporation. The State of Texas and Nueces County intervened. Summary judgment was granted in favor of plaintiffs and intervenors. Defendants appeal. We reverse and remand.

Corpus Christi Gas and the City argue that summary judgment was erroneously granted because the motion for same was not supported by proof. We agree.

A prima facie case in a suit for delinquent taxes may be established by introducing into evidence the official tax rolls, certified copies of the official tax records or certified copies of the appropriate delinquent tax records in conjunction with the testimony of the assessor-collector that according to the record, such taxes are due and delinquent. *Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132 (Tex.1970).

In 1974, Tuloso-Midway filed a motion for summary judgment with appropriate accompanying affidavits. This motion was denied by order dated December 31, 1975. On June 16, 1978, Tuloso-Midway and intervenors filed another motion for summary judgment "based upon the pleadings, affidavits and exhibits filed in this cause" without any attached summary judgment proof. They contend that the summary judgment granted by the court is supported by the earlier filed documents.

The rule is established that unless the case is one properly to be decided on the pleadings, a motion for summary judgment should be supported by its own summary judgment proof as set out in Tex.R.Civ.P. 166–A, and not by reference to the pleadings. Also, supporting proof should be attached to the motion or affidavit, not to the

pleadings. *Texas National Corporation v. United Systems International,* 493 S.W.2d 738 (Tex.1973); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex. 1971).

We hold that Tuloso-Midway and intervenors have failed to discharge their summary judgment burden.

The judgment is reversed and the cause remanded.