Pierre DOUSSON, Appellant,

v.

Robert DISCH, Appellee.

No. 21058.

Court of Appeals of Texas, Dallas.

Dec. 21, 1981.

Rehearing Denied Feb. 19, 1982.

---

Wm. Chris Wolffarth, Erhard, Cox & Ruebel, Dallas, for appellant.

Richard Gary Thomas, Maxwell, Godwin, Bennett, Thomas, Carlton & Maxwell, Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee Disch in his suit to enforce a foreign judgment against appellant Dousson. Appellant's sole contention on appeal is that summary judgment was improper because the motion for summary judgment was not supported by any competent summary judgment evidence. We do not agree and affirm.

Appellee sued appellant to enforce a foreign judgment. In October, 1980, appellee filed his first motion for summary judgment. A hearing on appellee's first motion was held on November 12, 1980. On November 24, 1980, appellee filed an affidavit with a certified copy of the foreign judgment attached. On December 5, 1980, the trial court signed an order denying appellee's first motion for summary judgment. On March 5, 1981, appellee filed his second motion for summary judgment. The second motion expressly stated that it was based upon the affidavit and certified copy of the foreign judgment previously filed. Appellant's response to appellee's motion for summary judgment asserted that the affidavit was not competent summary judgment proof because it was not attached to the motion. A hearing on appellee's second motion for summary judgment was held on April 3, 1981 and, on that same day, the trial court signed an order granting appellee's motion for summary judgment.

Appellant concedes that a prima facie case on a foreign judgment is established when a properly certified and exemplified copy of the foreign judgment is submitted to the court. Appellant's sole contention is that because the affidavit and certified copy of the judgment, which had been filed approximately four months prior to the second motion for summary judgment and which were expressly relied upon in the first paragraph of the second motion for summary judgment, were not *attached* to the second motion for summary judgment, they were not competent summary judgment evidence. We do not agree.

Although Tex.R.Civ.P. 166–A(e) requires that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith.", there is no provision in Tex.R.Civ.P. 166–A that requires summary judgment evidence to be attached to the motion for summary judgment. We have examined *Corpus Christi Municipal Gas Corp. v. Tuloso-Midway Independent School District*, 595 S.W.2d 203 (Tex.Civ.App.—Eastland 1980, writ ref'd n. r. e.), relied upon by appellant. Apparently that case holds that summary judgment evidence must be attached to the motion for summary judgment in order to constitute summary judgment proof. To the extent the *Corpus Christi Municipal Gas Corp.* case does so hold, we expressly disagree with that holding and decline to follow it.

Appellant's point of error is overruled and the judgment is affirmed.

Affirmed.