**HILLKEE, INC., et al., Appellants,**

v.

**NAVARRO SAVINGS ASSOCIATION,**
**Appellee.**

No. 6372.

Court of Appeals of Texas,
At Waco.

March 25, 1982.

Richard D. Farrow, Dallas, for appellants.

Lawrence Fischman, Robert H. Renneker, Weil, Craig & Fischman, P. C., Dallas, for appellee.

HALL, Justice.

This is an appeal from a summary judgment in favor of Navarro Savings Association against Hillkee, Inc. and Welba L. Keetch, Jr., for the deficiency left owing after foreclosure of deeds of trust securing two notes executed by Hillkee and personally guaranteed by Keetch.

Navarro's motion for summary judgment was supported by the affidavit of Ruth Nelson, the Assistant Secretary of Navarro. Attached to this affidavit were copies of two deeds of trust executed by the defendant Hillkee, Inc., together with copies of the trustee's deeds resulting from foreclosure under the deeds of trust. Copies of the notes executed by Hillkee and the guaranties of Keetch were not attached to the affidavit although they were attached to Navarro's original petition. In the affidavit Nelson stated that she had compared the copies attached to Navarro's original petition and that they are true and correct copies of the originals which are in the possession of Navarro and that Navarro is owner and holder of the originals.

Defendants did not file an answer or any written response to the motion for summary judgment. However, at the hearing on the motion defendants orally objected to the summary judgment proof on the ground that the notes and guaranties should have been attached to the supporting affidavit and not merely to Navarro's pleadings. Defendants' two points of error on appeal are based solely upon this oral objection.

 Navarro should have attached the notes and guaranties to the affidavit. Rule 166–A(e), Vernon's Tex.Rules Civ.Proc. However, the defect resulting from such failure was one of form only. *Texas Nat. Corp. v. United Systems Internat'l, Inc.*, 493 S.W.2d 738, 741 (Tex.1973). Defects in the form of the movant's proof are waived by failure to except to the motion for summary judgment or the affidavit accompanying

the motion prior to the entry of judgment. Rule 166–A(e); *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 380 (Tex. 1978). This exception must be in writing. Rule 166–A(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). Thus, defendants' oral objection to Navarro's affidavit presents nothing for review.

The judgment is affirmed.