Michael D. VAUGHN, Appellant,

v.

BURROUGHS CORPORATION, Appellee.

No. C14–85–0333–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1986.

Rehearing Denied Feb. 6, 1986.

Mark P. Blenden, Houston, for appellant.

J. Hampton Skelton, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from summary judgment granted in favor of Burroughs, defendant in the trial court, in a suit for tortious interference with contract rights. At issue is whether the trial court, in granting the summary judgment, properly applied the doctrine of collateral estoppel to deny appellant's claim. We affirm.

Appellant was employed under written contract by Katy Independent School District as Director of Computer Services. While employed, he began his own business, "Vaughn & Associates." "Vaughn & Associates" and Burroughs submitted a joint bid for contract computer services to two different school districts. Appellant's bid covered the software and appellee's bid covered the hardware. Most of the software was that which appellant used in his employment with Katy Independent School District. The school superintendent of Katy was informed that appellant was attempting to market the district's computer software in other school districts. This was in violation of the school district's policies. As a result, the superintendent of the school district conferred with appellant about this activity and appellant submitted a letter of resignation effective immediately, on Friday afternoon. On Monday morning appellant submitted a letter to the school district revoking his resignation. The school district refused to permit appellant to return to work.

Appellant sought relief by filing administrative proceedings before the State Board of Education, styled *Michael D. Vaughn v. Katy Independent School District*, Docket no. 052–R2–1181. A full administrative hearing was held at which both appellant and the school district were represented by counsel, examined and cross-examined witnesses, introduced documentary evidence and generated a 700-page trial transcript. Based upon this evidence the Texas Commissioner of Education found that appellant's resignation "was not the result of duress or coercion" by the school district, i.e. appellant voluntarily resigned. Appellant unsuccessfully sought review by the State Board of Education. He did not appeal to the district court in Travis County as provided for in Section 11.13(c) of the Tex.Educ.Code Ann. (Vernon Supp.1986), and this decision, therefore, became final. *See: Longacre v. Wylie Independent School District*, 467 S.W.2d 502 (Tex.Civ. App.—Austin 1971, writ ref'd n.r.e.). Appellant then filed a civil rights action against the school district in federal district court in Houston and this tortious inference with contract action against Burrough's in state district court. Appellee moved for summary judgment on the ground that it was entitled to judgment as a matter of law "because plaintiff has already litigated an essential element of his claim here (voluntariness of his resignation) in a previous trial." The trial court held that the previous finding was binding on the issue in this case and granted the motion for summary judgment.

The appellant alleges, for the first time on appeal, that the appellee failed to submit summary judgment proof in support of its motion. Appellant only mentioned this allegation in passing in his original brief and did not fully develop this challenge to the sufficiency of the evidence except in oral argument. He has now filed a supplemental brief in support of his contention. A brief review of the prior proceedings is necessary. Motion for summary judgment was first filed on August 17th, 1984 and was to be submitted to the court on September 10th. Evidently the motion was not heard on that day. A second motion for summary judgment was filed on October 22nd, 1984 with notice of submission October 29th. The motion was heard on the noticed day and the court took the motion under advisement. The motion was denied on November 5th, 1984. Subsequently, another judge became the presiding judge of the court. Appellee filed a third motion for summary judgment with notice of submission set for January 28th. The new judge granted the motion. Appellee did not attach to this third motion the evidence attached to the previous motions.

■ Appellant relies upon two cases to support his contention that summary judgment was therefore improperly granted: *Dousson v. Disch,* 629 S.W.2d 111 (Tex. App.—Dallas, 1982, no writ) and *Corpus Christi Municipal Gas Corp. v. Tuloso-Midway Independent School District,* 595 S.W.2d 203 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). In *Dousson,* the Dallas Court of Appeals disagreed with the Eastland Court of Appeals holding in *Corpus Christi Municipal Gas Corp..* We also disagree with such decision to the extent that it holds, if it does, that summary judgment evidence must be attached to the motion for summary judgment in order to constitute summary judgment proof. For reasons stated below, we believe that in this case the court's consideration of the summary judgment evidence attached to the previous motions, even though not incorporated by reference as was done and approved in *Dousson,* was not reversible error.

Appellant concedes the evidence attached to the previous motions would have been sufficient to support the granting of the last motion. Appellee relied upon the identical ground, collateral estoppel, in each of the motions for summary judgment. Appellant in opposing each motion for summary judgment alleged that there was a lack of mutuality of the parties. While it is true that appellee did not incorporate by reference the evidence already on file with the court, neither did appellant object to the absence of such incorporation by reference. It is clear to us that the appellant, the appellee and the court all proceeded upon the understanding that the evidence attached to the previous motions for summary judgment was properly before the court on this reconsideration of the motion for summary judgment and that this evidence was the basis of the motion the court was called upon to rule.

■ While appellee should have incorporated the evidence by reference, attached the evidence to the third motion for summary judgment or included it in an affidavit presented with the motion, the defect resulting from such failure in this case was one of form only. Tex.Rules Civ.Proc. Ann.R. 166–A(e) (Vernon Supp.1985); *Texas National Corp. v. United Systems International, Inc.,* 493 S.W.2d 738, 741 (Tex.1973); *Hillkee, Inc. v. Navarro Savings Association,* 632 S.W.2d 374 (Tex. App.—Waco 1982, no writ). Defects in the form of the movant's proof are waived by failure to except in writing to the motion for summary judgment or the affidavit accompanying the motion prior to the entry of judgment. Rule 166–A(e); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978).

Appellant contends, assuming the summary judgment evidence was properly presented, that the evidence of the prior proceeding did not bar relitigating the issue of the voluntariness of his resignation. He contends that since Burroughs, the ap-

pellee, was not represented in the prior proceeding a decision in that hearing is not binding on the appellant here.

■ While mutuality was originally essential to the invocation of collateral estoppel, *Kirby Lumber Corporation v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387 (1946), the courts of this state have expanded the doctrine so as to abandon the requirement of mutuality of parties and to retain the requirement of privity only to the party against whom the plea of collateral estoppel is made in the second case. *Myrick v. Moody National Bank of Galveston*, 590 S.W.2d 766, 769 (Tex.Civ.App. [14th Dist.] 1979, writ ref'd n.r.e.); *Hardy v. Fleming*, 553 S.W.2d 790 (Tex.Civ.App. —El Paso 1977, writ ref'd n.r.e.). Appellant acknowledges that factual determinations of a state administrative agency, such as are before us, are binding on the trial court, citing *Wylie Independent School District v. Central Education Agency*, 488 S.W.2d 166 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.).

■ We hold, therefore, that the doctrine of collateral estoppel barred relitigation in this trial of the issue determined in the administrative proceeding of whether appellant's resignation was voluntary. This factual determination that he had voluntarily resigned from his employment precluded recovery on his claim. The trial court properly granted summary judgment and appellant's first two points are overruled.

In his third point, appellant argues the trial court erred in overruling his motion for new trial because summary judgment was improper. What we have said above disposes of this point, and it is overruled.

The judgment is affirmed.