**Douglas W. HUNT and William J. Hunt, Appellants,**

**v.**

**JEFFERSON SAVINGS & LOAN ASSOCIATION, Appellee.**

**No. 05–87–00749–CV.**

Court of Appeals of Texas, Dallas.

June 28, 1988.

Charles Marcus, Royal H. Brin, Jr., Dallas, for appellants.

Patrick C. Guillot, Karen R. Washington, Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

KINKEADE, Justice.

Appellants, Douglas W. and William J. Hunt (collectively Hunt) appeal a summary judgment rendered for appellee, Jefferson Savings and Loan Association (Jefferson) for a $184,498.77 deficiency created by a trustee's sale of five properties. The suit is based on five promissory notes, secured by deeds of trust, executed by Douglas W. Hunt and William J. Hunt (as co-maker) and delivered to Jefferson's predecessor in interest, Congressional Mortgage Corpora-

tion of Texas. After default by Hunt on payment of each note, Jefferson foreclosed on the properties and sued Hunt for deficiencies on each note, plus attorney fees, interest, and costs. Hunt counterclaimed, seeking damages for wrongful foreclosure plus attorney fees. The trial court granted summary judgment in favor of Jefferson denying Hunt's counterclaim.

In four points of error, Hunt claims the trial court erred in: 1) granting Jefferson's motion for summary judgment because the note acceleration and the trustee's foreclosure sale was improper; 2) granting Jefferson's motion for summary judgment because a fact question exists as to irregularities at the trustee's sale; 3) failing to find that a fact question exists as to whether the lender received property "equal to the value of its indebtedness;" and 4) failing to find that a fact question exists as to whether Hunt is entitled to a credit for the amount of insurance proceeds Jefferson received from the private mortgage requests damages for delay. We overrule all points of error and the cross-point and affirm the judgment.

On October 25, 1982, Hunt borrowed $263,000 from Congressional Mortgage Corporation of Texas for the purchase of five condominiums. Hunt executed five promissory notes, agreeing to make installment payments and assume other obligations under the notes until all payments were made. Douglas Hunt executed and delivered five deeds of trust on the properties as collateral to secure payment of the notes. On October 29, 1982, Congressional transferred the notes and all interest in the properties to Jefferson. Hunt subsequently defaulted under the terms of the notes and deeds of trust.

On January 8, 1986, Jefferson sent Hunt notice that unless payment was made, it intended to exercise its options under the deeds of trust and accelerate the notes. This would result in foreclosure of the properties. The notice also stated that after acceleration, Hunt had the option to reinstate the loan and/or bring suit alleging any defenses. On March 10, 1986, Jefferson sent Hunt notice that acceleration

had taken place, all unpaid payments were declared due and payable, and that a substitute trustee's sale would take place on April 1, 1986. On April 1, 1986, the trustee sold the properties for $125,280 resulting in a deficiency of $182,498.77. Jefferson filed suit for the deficiency.

■ In point of error one, Hunt claims the summary judgment was improper because Jefferson failed to follow requirements of the deeds of trust to accelerate and all foreclosures were wrongful. We disagree. When the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands notice be given of the intent to exercise the option. *Brown v. Hewitt*, 143 S.W.2d 223, 224 (Tex.Civ.App.—Galveston 1940, writ ref'd). Thus, absent waiver, the holder of a delinquent installment note must present the note and demand payment of the past-due installments prior to exercising his right to accelerate. *Allen Sales and Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975). In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale. *Lockwood v. Lisby*, 476 S.W.2d 871, 873 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.). If, after such notice, the mortgagor fails to remedy the breach, then the mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust. *See Natali v. Withaus*, 134 Tex. 513, 135 S.W.2d 969, 977 (1940).

■ Hunt contends Jefferson did not properly accelerate the notes because notice was not sent to Hunt. We disagree. The initial notice of January 8, 1986, set forth the breach—the non-payment; the action required to cure the breach—payment of $38,351.98; the deadline to cure—February 10, 1986; and the result of failure to cure—acceleration.

Hunt failed to cure the default and on March 10, 1986, Jefferson sent a second notice declaring all unpaid amounts were due and payable and that the properties would be foreclosed on April 1, 1986. Summary judgment was properly granted since all notices required by law and by the deeds of trust were met. We overrule Hunt's first point of error.

Hunt, in point of error two, claims the trial court erred in failing to find that a question of fact exists as to whether or not there was substantial irregularity at the substitute trustee's sale. Hunt contends that a single bid and single sale occurred for all five properties, chilling the bidding and resulting in an inadequate sale price.

■ Mere inadequacy of consideration is not grounds for setting aside a trustee's sale, but evidence of an irregularity that causes or contributes to a grossly inadequate price is. *American Savings v. Musick*, 531 S.W.2d 581, 587 (Tex.1975). Evidence showing that a better price would have resulted if the sale was conducted in a different manner is required. *Bellah v. First National Bank of Hereford*, 474 S.W.2d 785, 788 (Tex.Civ.App.—Eastland 1971, writ ref'd n.r.e.). Hunt failed to present any evidence to raise a fact question as to whether the consideration was inadequate or any irregularity occurred. Jefferson attached an exhibit to its motion for summary judgment setting forth in detail the amounts that were bid on each property. This evidence along with the fact that the properties were separately posted for sale and that separate substitute trustee deeds were executed, supports the court's findings that a proper sale occurred. Hunt's second point of error is overruled.

In point of error three, Hunt claims the trial court erred in failing to find that, pursuant to the lender's imposed hazard insurance requirements, a fact question existed as to whether the lender as the successful purchaser at the substitute trustee's sale received property "equal to the value of its indebtedness." We disagree.

■ Hunt contends that they were required to maintain hazard insurance on each property equal to the loan values and Jefferson is bound by those values at foreclosure. No authority is cited by Hunt for

this proposition. Jefferson asserts that the insurance requirement is merely evidence of the amount of risk, if any, the lender chooses to bear in the event the property is destroyed. We agree. We overrule Hunt's third point of error.

■ Hunt, in point of error four, claims the trial court erred in failing to find that a fact question exists as to whether Hunt is entitled to a credit against the deficiency for the amount of monies Jefferson received from the private mortgage insurance policy that pays in the event of default on the notes. Hunt contends they should be entitled to a credit for twenty to twenty-five percent of the amount of the note because Jefferson required Hunt to pay the premiums. No contract existed giving Hunt a right to an offset for private mortgage insurance coverage, nor is there a requirement at law for an offset. Hunt's position is outside the contractual agreements between the parties and wholly unsupported by the law. Hunt fails to present any evidence to support their position, therefore, the summary judgment was proper. Hence, we overrule Hunt's final point of error.

■ In its sole cross-point, Jefferson asserts it should be awarded damages because Hunt brought this appeal merely for delay and without sufficient cause. Jefferson alleges that this appeal is wholly without merit in that Hunt's points of error are either not supported by the law or they are competely unsupported by evidence. We disagree.

Rule 84 of the Texas Rules of Appellate Procedure states:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount (not to exceed ten percent) of the amount of damages awarded to such appellee as damages against such appellant....

The court must look at the case from the point of view of the advocate and determine whether he has reasonable grounds to believe that the case would be reversed.

*See Beckham v. City Wide Air Conditioning Co.*, 695 S.W.2d 660, 663 (Tex.App.—Dallas 1985, writ ref'd n.r.e.)

While we do not hold that Hunt's arguments are strong enough for reversal, we refuse to hold that they are so unreasonable that Jefferson is entitled to damages. We overrule this cross-point and affirm the judgment of the trial court.