Michael E. SHIELDS and Debra L. Shields, Appellants,

v.

ATLANTIC FINANCIAL MORTGAGE CORPORATION, Appellee.

No. 08–89–00271–CV.

Court of Appeals of Texas, El Paso.

Oct. 24, 1990.

Herbert W. Fortson, III, Withem & Fortson, Houston, Tex., for appellants.

Mary Ann A. Bellatti, Sheinfeld, Maley & Kay, Joe G. Roady, Sheinfeld, Maley & Kay, Barbara Burnett, Irvin, Clark & Burnett, Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

After foreclosure, the mortgage holder sought a deficiency judgment against the defaulting homeowners. The trial court granted summary judgment in favor of the mortgage holder. We affirm.

## FACTS

Michael E. Shields and his wife purchased a house and land in Galveston County. To finance the purchase price, they executed a note in the amount of $360,-000.00 in favor of the lender, Appellee Atlantic Financial Mortgage Corporation. A deed of trust was also executed the same date (January 27, 1986) to secure the payment of that note. The Shields defaulted in the payment of their note and the property was sold at foreclosure on August 4, 1987.

The mortgage company then brought this suit seeking a deficiency judgment in the amount of $99,461.80 against the borrowers (the Shields) plus attorneys' fees, interest and court costs.

## DEFENSIVE PLEADINGS

The Appellants answered and pled certain affirmative defenses contending that:

(1) The mortgage company had waived any right to collect under the note because the Shields, as a condition of obtaining the loan, were required to make additional monthly payments to the mortgage company for mortgage insurance. The purpose of this mortgage insurance was to protect the mortgage holder in the event the borrower defaulted on the note. The basis of waiver argument was that the mortgage company, though it collected from the Shields the mortgage insurance premium, it was late in making premium payment to the mortgage insurance company resulting in a failure to be able to recover the loss suffered by the Shield's default. Therefore, Appellants claim that the Appellee, by not paying the insurance premium, waived its right to collect the deficiency from them.

(2) The mortgage company waived its right to recover because the borrowers found a prospective buyer for the property but the mortgage company failed to approve the proposed sale resulting in the Earnest Money Contract expiring. The prospective buyer then bought another house. Appellants assert that the mortgage company, by its inaction, had waived its right to complain and should be estopped from claiming a deficiency. Further, any deficiency was a result of the mortgage company's own negligence.

In addition, the Shields then filed a counterclaim against the mortgage holder:

## COUNTERCLAIM

The Shields assert DTPA violations against the mortgage company pertaining to the collection of mortgage insurance premiums from the Appellants and then letting the mortgage insurance policy lapse for late payment of premiums. The Shields sought damages not only in the amount of the deficiency claimed by Appellees but for mental anguish and aggravation. Treble damages and attorneys' fees were also pled for.

## SUMMARY JUDGMENT

Appellee mortgage company filed its several Motions for Summary Judgment as well as a supplement to its last Motion for Summary Judgment. Exhibits and affidavits were properly attached to support the Motion.

Appellants responded by filing an opposition to the Motion contending that genuine issues of fact existed as to whether the mortgage company's claim was barred by waiver, estoppel and negligence. Further, Appellants' contended their counterclaim prohibited the granting of a summary judgment.

The trial court granted the Motion and entered judgment for the mortgage company for the deficiency claimed, prejudgment interest, attorneys' fees, post-judgment interest and a take-nothing judgment as to Appellants' counterclaim. Appellants filed a Motion for New Trial which was denied by the trial court.

## POINTS OF ERROR

Point of Error No. One asserts there was insufficient evidence before the court to base the judgment.

Point of Error No. Two asserts error considering the supplemental motion and affidavit.

Points of Error Nos. Three, Four and Five assert error in granting Summary Judgment because a fact issue existed as to waiver, estoppel and negligence of Appellee.

Points of Error Nos. Six, Seven and Eight claim error in granting the Summary Judgment stating that a fact issue existed as to the application of waiver, estoppel and negligence because of the failure of Appellants to promptly respond to the Earnest Money Contract for the purchase of the property.

Point of Error No. Nine contends the trial court erred in dismissing Appellants' counterclaim.

## DISCUSSION

■ Appellants contend the $360,000.00 real estate note was not attached to the last Motion for Summary Judgment and therefore there was not sufficient evidence to support the Judgment. After the Motion for Summary Judgment was filed, the trial court granted leave to file a supplemental to the last Motion for Summary Judgment. Appellants' counsel received copies of all motions as shown by the certificates of service. Attached to one or more of these motions were affidavits and exhibits which did include copies of the note and deed of trust. The note and its terms have never been in dispute either in the trial court or here. Any defect in not attaching it to the final Motion for Summary Judgment is one of form. *Vaughn v. Burroughs Corporation*, 705 S.W.2d 246 (Tex.App.—Houston [14th Dist.] 1986, no writ).

Point of Error No. One is overruled.

■ Point of Error No. Two complains about the trial court allowing the Supple-

mental Motion to be filed and considered without Appellants being given an opportunity to respond.

The Appellee filed a motion asking for Leave to File a Supplemental to its Motion for Summary Judgment which shows a certificate of service going to counsel for Appellants. No response or objection was made by Appellants during the over seventy days it was on file before being granted. We do not find any abuse of discretion by the trial court in granting leave to file and the filing of the supplement to the Motion for Summary Judgment. *Daniell v. Citizens Bank,* 754 S.W.2d 407 (Tex.App.—Corpus Christi 1988, no writ).

Point of Error No. Two is overruled.

■ We do not find merit to Points of Error Nos. Three, Four and Five concerning waiver, estoppel and negligence because Appellee failed to pay the premium to the mortgage insurance company.

The mortgage insurance was for the benefit of the Appellee and not for Appellants. As stated in *Hunt v. Jefferson Savings & Loan Association,* 756 S.W.2d 762 (Tex. App.—Dallas 1988, writ denied), it stated: "No contract existed giving Hunt a right to an offset for private mortgage insurance, nor is there a requirement at law for an offset. Hunt's position is outside the contractual agreements between the parties and wholly unsupported by the law."

Points of Error Nos. Three, Four and Five are overruled.

■ Points of Error Nos. Six, Seven and Eight assert waiver, estoppel and negligence in Appellee not responding favorably to the Earnest Money Contract for the purchase of the property.

The Earnest Money Contract provided for a sale of the property at a price far less than was owed by the Appellants. Under those circumstances, we find that Appellee was under no duty to approve this Earnest Money Contract. Only the Appellants were responsible for the default on the thirty-year loan after only twelve payments had been made. The economic downturn may have been responsible for the Appellants' financial plight but certainly Appel-

lee cannot be held responsible for the inability of the debtors to make their payments as promised.

Points of Error Nos. Six, Seven and Eight are overruled.

Point of Error No. Nine asserts error of the trial court judge in rendering judgment against them on their counterclaim.

Appellants' counterclaim is viewed by the same standard as when a summary judgment is rendered against a plaintiff. This means that only one element of a cause of action has to be proved conclusively against the Appellants. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970).

■ Appellants' complaint under the Texas Deceptive Trade Practices Act (DTPA) is that Appellee required mortgage insurance and took the premiums but failed to pay the premiums to the mortgage insurance company resulting in a denial of benefits under the policy. We are unable to see how the Appellants have a DTPA claim under the facts of this case. Certainly misrepresentation of a warranty or guarantee is not involved because we are dealing solely with written contractual provisions.

It is without dispute that the contractual provisions requiring mortgage insurance were for sole benefit of the holder of the mortgage and not the Appellant borrowers. There were no representations made or claimed to be made to the Appellants that they would be entitled to receive any benefits from the mortgage insurance policy in the event of foreclosure. *Hunt v. Jefferson Savings & Loan Association,* 756 S.W.2d 762.

Point of Error No. Nine is overruled.

## CROSS–POINT

Appellee, by Cross–Point of Error No. One, asserts that Appellants' appeal was without merit and was for delay. Therefore, it asks this Court to assess all or part of the ten percent penalty provided in Tex. R.App.P. 84 against Appellants. Appellee might feel that the appeal by Appellants

had no merit but we note that in reply to Appellants' brief, the Appellee saw fit to file not only a 43 page reply brief but a 241 page addendum with its brief.

Cross–Point of Error No. One is overruled.

## CONCLUSION

We affirm the judgment of the trial court.