CV4-036 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00036-CV







Lamar Clemons and White House Venture, Appellants



v.



Texas Commerce Bank--Austin, National Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 494,977, HONORABLE MARGARET COOPER, JUDGE PRESIDING







PER CURIAM



 Appellants Lamar Clemons and White House Venture appeal the trial-court
judgment awarding a post-foreclosure deficiency to Texas Commerce Bank (the Bank). We will
affirm the trial-court judgment.

Background


 In March 1986, Lamar Clemons and John Baunach (1), as general partners of White
House Venture, executed and delivered a promissory note in the amount of $240,000.00, payable
to the Bank. The note was renewed and extended, with a maturity date in October 1989. The debt
was secured by a lien on the property the loan was used to purchase, as well as Clemons' personal
guarantee. After the debt matured, was not paid, and negotiations regarding a possible renewal
ended, the bank posted the property for foreclosure and held the sale in April 1990. The Bank,
the sole bidder, purchased the property for $166,961.32. The Bank then sued to collect the
remaining deficiency.

 Appellants filed counterclaims on various theories. The only claim relevant to this
appeal is that for wrongful foreclosure. In March 1992, the trial court rendered a partial summary
judgment in the Bank's favor on appellants' liability on the debt. The court left the issues relating
to damages and the counterclaims for jury trial. Because of late discovery supplementation, the
court, acting under Texas Rule of Civil Procedure 215(5), excluded any evidence on the wrongful
foreclosure claim and directed a verdict in the Bank's favor. The issues on damages and
attorney's fees were submitted to the jury, which found in the Bank's favor. 

 Appellants bring four points of error, contending that the trial court erred in: (1)
granting a directed verdict against them for discovery abuse because the trial court did not follow
the standards set forth in TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex.
1991); (2) granting a directed verdict against them because they did not have notice of a hearing
on discovery sanctions; (3) not allowing the jury to decide whether the Bank failed to conduct a
valid foreclosure sale by misdating the notice of sale; and (4) not allowing the jury to decide
whether the bank failed to conduct a valid foreclosure sale by failing to give notice of the
foreclosure sale to Baunach. We will first address points three and four dealing with appellants'
wrongful foreclosure counterclaim.

Standard of Review


 A directed verdict is proper when the evidence offered on a cause of action is
insufficient to raise a fact issue. McCarley v. Hopkins, 687 S.W.2d 510, 512 (Tex. App.--Houston
[1st Dist.] 1985, no writ); see generally W. Wendell Hall, Standards of Appellate Review in Civil
Appeals, 21 St. Mary's L.J. 865, 893 (1990). In reviewing the grant of a directed verdict based
on the evidence, the court will determine whether any evidence of probative force raises fact
issues on the material questions presented. Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978);
Henderson v. Travelers Ins. Co., 544 S.W.2d 649, 650 (Tex. 1976). The reviewing court views
the evidence in the light most favorable to the party against whom the verdict has been directed
and disregards all contrary evidence. Quantel Business Systems, Inc. v. Custom Controls Co.,
761 S.W.2d 302, 303 (Tex. 1988); Stinger v. Stewart & Stevenson Servs., Inc., 830 S.W.2d 715,
718 (Tex. App.--Houston [14th Dist. 1992, writ denied). When no evidence of probative force
on an ultimate fact element exists or when the probative force of the testimony is so weak that
only a surmise or suspicion is raised as to the existence of essential facts, the trial court has the
duty to instruct the verdict. University Nat'l Bank v. Ernst & Whinney, 773 S.W.2d 707, 709-10
(Tex. App.--San Antonio 1989, no writ). 

Wrongful Foreclosure


Exclusion of Evidence

 Appellants contend that the trial court improperly granted a directed verdict on their
wrongful foreclosure claim as a result of a discovery sanction that prohibited them from
introducing evidence on necessary elements of the claim. When an appellant seeks reversal based
on the trial court erroneously excluding or admitting evidence it must show that the complained-of
error "was reasonably calculated to cause and probably did cause rendition of an improper
judgment." Tex. R. App. P. 81(b)(1); Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 917 (Tex.
1992); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989). A reviewing court
examines the record as a whole in deciding whether the error caused the rendition of an improper
judgment. See Jamail v. Anchor Mortgage Servs., Inc., 809 S.W.2d 221, 223 (Tex. 1991);
McKinney v. National Union Fire Ins. Co., 772 S.W.2d 72, 75 (Tex. 1991).

 In this cause, appellants preserved error by making bills of exceptions and offers
of proof concerning the excluded testimony. Cf. McInnes v. Yamaha Motor Corp., 673 S.W.2d
185, 187 (Tex. 1984), cert. denied, 469 U.S. 1107 (1985) (error concerning excluded deposition,
whose substance was not in a bill of exception or otherwise in statement of facts, not preserved);
Weng Enters., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 221 (Tex. App.--Houston [1st
Dist.] 1992, no writ)(abuse of discretion in excluding testimony of undisclosed party witness but
point of error overruled because offering party had not made substance of evidence known to
court). We have reviewed the entire record and conclude that the excluded testimony would not
have enabled appellants to survive a directed verdict on the wrongful foreclosure issue.

Proof of Wrongful Foreclosure

 To show wrongful foreclosure, there must be evidence of an irregularity which
must have caused or contributed to cause the property to be sold for a grossly inadequate price. (2) 
American Sav. & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1975); Pentad
Joint Venture v. First Nat'l Bank, 797 S.W.2d 92, 96 (Tex.App.--Austin 1990, writ denied). 
Mere inadequacy of price at the foreclosure sale is not a sufficient ground to invalidate a
foreclosure sale if it was legally and fairly made. Musick, 531 S.W.2d at 587; Nautical Landings
Marina v. First Nat'l Bank, 791 S.W.2d 293, 298 (Tex. App.--Corpus Christi 1990, writ denied). 
The plaintiff must prove a causal connection between the alleged irregularity in the sale and the
grossly inadequate consideration bid. Diversified Developers, Inc. v. Texas First Mortgage REIT,
592 S.W.2d 43, 45-46 (Tex. Civ. App.--Beaumont 1979, writ ref'd n.r.e.). Evidence showing that
a better price would have resulted if the sale had been conducted in a different manner is required. 
Hunt v. Jefferson Sav. & Loan Ass'n, 756 S.W.2d 762, 764 (Tex. App.--Dallas 1988, writ denied),
cert. denied, 489 U.S. 1079 (1989); Bellah v. First Nat'l Bank of Hereford, 474 S.W.2d 785, 788
(Tex. Civ. App.--Eastland 1971, writ ref'd n.r.e.).

 At trial, appellants complained of various problems in the notice of the sale. 
Clemons claimed that he did not receive notice of the sale, although he acknowledged a maid in
his household signed the certified mail receipt. He also claimed that he had been active in the
partnership for a while, that Baunach was actually the proper person to receive notice, and that
Baunach did not receive notice. Clemons further claimed that the notice of the sale was defective
because the wrong year was given for the date of the sale. (3) The problems with notice are the only
irregularities claimed in the conduct of the sale.

 Appellants relied on an October 1989 (4) appraisal of $250,000.00 to complain of an
inadequate selling price. Appellants also stated, as part of an offer of proof, that one witness
would have testified that the Bank engaged in a practice of manipulating appraisals to reflect a
high property value for loan purposes, but a low value for foreclosure purposes, creating large
deficiencies.

 However, even assuming notice defects, appellants produced no evidence to show
that any of the claimed irregularities caused or contributed to cause an inadequate bid for this
property. The only testimony concerning the effect of the inadequate notice did not concern the
price received, but speculated that the foreclosure might have been postponed, that negotiations
might have been re-opened (5), or that the property might have been sold to one of the tenants as an
investment. Clemons offered no evidence of any efforts to market the property.

 Even if we consider the excluded evidence, appellants have not produced probative
evidence to raise a fact issue that the claimed irregularities in the sale caused an inadequate price. 
We overrule points of error three and four that the court improperly directed a verdict on
wrongful foreclosure. Because of our disposition of these points, we need not consider points one
and two. The exclusion of evidence, even if found it to be improper, did not cause harmful error.

 We affirm the trial-court judgment.




Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: September 27, 1995

Do Not Publish
1. [1] John Baunach, a co-obligor on the debt, filed for bankruptcy and was non-suited from this
cause.
2. [2] Appellants do not allege that the Bank took any actions to "chill the bidding" by
affirmatively deterring prospective bidders. See First State Bank v. Keilman, 851 S.W.2d 914,
921-22 (Tex. App.--Austin 1993, writ denied); Charter Nat'l Bank--Houston v. Stevens, 781
S.W.2d 368, 374 (Tex. App.--Houston [14th Dist.] 1989, writ denied). 
3. [3] At one point, appellant Clemons conceded that "statutory notice" had been given. The
Bank admits that their notice had a typographical error in one occurrence of the date, but that
other occurrences of the date were correct.
4. [4] The Bank had an appraisal, obtained within ninety days of the sale, for $180,000.00.
5. [5] We note that appellants sent the Bank a letter stating that their demands were "non-negotiable" and that the bank was free to foreclose, reducing the likelihood of further negotiations.




must have caused or contributed to cause the property to be sold for a grossly inadequate price. (2) 
American Sav. & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1975); Pentad
Joint Venture v. First Nat'l Bank, 797 S.W.2d 92, 96 (Tex.App.--Austin 1990, writ denied). 
Mere inadequacy of price at the foreclosure sale is not a sufficient ground to invalidate a
foreclosure sale if it was legally and fairly made. Musick, 531 S.W.2d at 587; Nautical Landings
Marina v. First Nat'l Bank, 791 S.W.2d 293, 298 (Tex. App.--Corpus Christi 1990, writ denied). 
The plaintiff must prove a causal connection between the alleged irregularity in the sale and the
grossly inadequate consideration bid. Diversified Developers, Inc. v. Texas First Mortgage REIT,
592 S.W.2d 43, 45-46 (Tex. Civ. App.--Beaumont 1979, writ ref'd n.r.e.). Evidence showing that
a better price would have resulted if the sale had been conducted in a different manner is required. 
Hunt v. Jefferson Sav. & Loan Ass'n, 756 S.W.2d 762, 764 (Tex. App.--Dallas 1988, writ denied),
cert. denied, 489 U.S. 1079 (1989); Bellah v. First Nat'l Bank of Hereford, 474 S.W.2d 785, 788
(Tex. Civ. App.--Eastland 1971, writ ref'd n.r.e.).

 At trial, appellants complained of various problems in the notice of the sale. 
Clemons claimed that he did not receive notice of the sale, although he acknowledged a maid in
his household signed the certified mail receipt. He also claimed that he had been active in the
partnership for a while, that Baunach was actually the proper person to receive notice, and that
Baunach did not receive notice. Clemons further claimed that the notice of the sale was defective
because the wrong year was given for the date of the sale. (3) The problems with notice are the only
irregularities claimed in the conduct of the sale.

 Appellants relied on an October 1989 (4) appraisal of $250,000.00 to complain of an
inadequate selling price.