W. EUGENE DAVIS, Circuit Judge,
dissenting:
I disagree with the majority’s legal conclusion that Palma is a third-party beneficiary of Verex’s policy. I therefore dissent.
*1464 The majority holds that Clause 15 of the policy makes Palma a third-party beneficiary to the insurance contract. Clause 15 provides:
NO RIGHT OF SUBROGATION AGAINST THE BORROWER.
The Borrower shall not be liable to the Company for any loss paid to the Insured pursuant to this policy;' provided, however, that the real estate shall consist of a single-family dwelling occupied by the Borrower; otherwise, the Company reserves the right to make a claim against the Borrower for any loss paid or deficiency suffered by the Company.
I agree with the majority that, when its conditions are met, Clause 15 is designed to afford a waiver of subrogation from the insurer to the borrower. It is clear to me, however, that in this case all of the conditions were not met; the real estate which served as collateral for the subject loan was not a “single family dwelling occupied by the borrower” at the time of the loss.
The majority disposes of the occupation condition by concluding that the policy is ambiguous — one reasonable interpretation is that the occupation requirement must be met at the time the policy issues; another is that it must be met at the time of the loss. Having declared Clause 15 ambiguous, the majority then resolves the ambiguity against the insurer. The majority concludes that Palma, therefore, is a third-party beneficiary even though, at the time she defaulted on the loan, she had long since ceased to live on the premises.
Unlike the majority, I find no ambiguity in Clause 15. It focuses the reader on the relevant time period: “the borrower shall not be hable to the company for any loss paid to the insured pursuant to this policy.” This phrase orients the clause toward the time when the insured suffers a loss. And the earliest such a loss can occur is the date on which the borrower defaults. In sum, I read Clause 15 to give the borrower the right to insist that the insurer waive any right of subrogation against her for any insurance proceeds paid to the insured if, but only if, the borrower occupied the premises at the time of the default. Thus, Palma is not a beneficiary because she did not occupy the premises when she defaulted. Therefore, she has no right to claim a waiver of subro-gation.
Even if we assume, however, that this clause is ambiguous as to when the borrower must occupy the premises, I would still conclude that Palma is not a third-party beneficiary. Texas law requires .that one claiming to be a third-party beneficiary establish that the parties to the contract clearly intended to benefit her. In Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex.1975), the Texas Supreme Court summarized this well-established rule as follows:
The intention of the contracting parties is of controlling significance to a determination that a third party may enforce the contract provision. In deriving intent, we must begin with the presumption that parties contract for themselves, and a contract will not be construed as having been made for the benefit of third parties unless it clearly appears that such was the intention of the contracting parties, (citations omitted).
Contrary to the majority’s conclusion, Palma cannot bootstrap a finding of third-party beneficiary status from an ambiguous provision. The contract must clearly demonstrate that the parties intended to benefit her.
Republic National Bank v. National Banker’s Life Insurance Co., 427 S.W.2d 76 (Tex.Civ.App.-Dallas 1968, writ refd n.r.e.), relied upon by the majority, does not purport to announce a different rule. In that case, an intermediate Texas court stated the third-party beneficiary rule as follows: “Where a stranger contends that it was intended that the provisions of a contract should inure to his benefit such intention must be clearly apparent. If there is any doubt concerning the intent in this regard as it appears from the contract itself, such doubt should be construed against such intent.” Id. at 80. A stranger to a contract is one who is not a party to the contract. As evidenced by her efforts to achieve third-party beneficiary status, Palma was not a party to this insurance contract between Yerex and City Federal. If there is any lingering doubt on this point, the Texas cases interpreting mortgage guar *1465 anty insurance policies unanimously hold that a borrower is not a party to such contracts. Pineda v. PMI Mortgage Ins. Co., 843 S.W.2d 660 (Tex.App.-Corpus Christi 1992), writ denied per curiam, 851 S.W.2d 191 (Tex.1993); Shields v. Atlantic Fin. Mortgage Corp., 799 S.W.2d 441, 444 (Tex.App.-El Paso 1990, no writ); Hunt v. Jefferson Savings & Loan Assoc., 756 S.W.2d 762, 765 (Tex.App.-Dallas 1988, writ denied), cert. denied, 489 U.S. 1079, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989).
In conclusion, because Palma was not occupying the premises at the time the insured suffered the loss, Palma cannot clearly establish that she is a third-party beneficiary of Clause 15. And, without third-party beneficiary status, Palma may not claim the benefit of the policy’s waiver of subrogation clause. I would therefore affirm the district court’s judgment.