

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00789-CV

Clark and Nancy **SADLER**,
Appellants

v.

**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANIES**,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 11-03-00113-CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  September 4, 2013

AFFIRMED

Clark and Nancy Sadler appeal a no-evidence summary judgment granted in favor of Texas

Farm Bureau Mutual Insurance Companies ("Farm Bureau") on the Sadlers' Deceptive Trade

Practices-Consumer Protection Act (DTPA) claim. We affirm the judgment of the trial court.

### BACKGROUND

The Sadlers sued Farm Bureau for breach of contract and violations of the Texas DTPA.

*See* TEX. BUS. & COM. CODE ANN. §§ 17.41-.63 (West 2011 & Supp. 2012). The Sadlers alleged

that, in April 2009, Nancy attempted to move her vehicle into her home's garage. She lost control

of the vehicle after starting it and crashed through the garage, damaging the vehicle and the home. Before this incident, the Sadlers purchased an insurance policy from Farm Bureau. The Sadlers claimed that a Farm Bureau agent assured them the policy would cover "anything that happened on their property or to their house" and that they bought the policy based on the agent's representations of the policy's coverage. The Sadlers alleged Farm Bureau refused to pay for the damage to the house.

Farm Bureau filed a traditional motion for summary judgment on the Sadlers' breach of contract and DTPA claims. The Sadlers filed affidavits in response to the motion, in which they stated that the Farm Bureau agent who sold them the policy represented that the policy would give them "full coverage" on their home, property, and "anything that happened on [their] property or to [their] home." The trial court denied the motion with the agreement that the Sadlers would drop their breach of contract claim, which they did in an amended petition. Farm Bureau then filed a no-evidence summary judgment motion on the remaining DTPA claim. There is no indication in the record that the Sadlers filed a response. The trial court granted the no-evidence motion.

In their sole issue on appeal, the Sadlers assert that the trial court erred in granting Farm Bureau's no-evidence motion for summary judgment for two reasons. First, the Sadlers claim they adequately responded to the motion by notifying the trial court they were relying on their response to Farm Bureau's traditional motion for summary judgment and the affidavits attached to the response. And second, the Sadlers claim the allegations contained in Farm Bureau's no-evidence motion are sufficient to preclude summary judgment.

## NO-EVIDENCE SUMMARY JUDGMENT

A party may move for no-evidence summary judgment under Rule 166a(i). *See* TEX. R. CIV. P. 166a(i). A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential

elements of a claim or defense on which an adverse party would have the burden of proof at trial, and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements. *Id.*; *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied). Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("[f]ailure to respond to a no-evidence motion is fatal").

## DISCUSSION

Before reaching the merits of the Sadlers' arguments, we must decide whether Farm Bureau's no-evidence motion met the mandates of Rule 166a(i) and thus shifted the burden to the Sadlers to produce evidence raising a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i); *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (the first issue to address when there is no response to a no-evidence motion for summary judgment is whether the motion was sufficient to warrant no-evidence summary judgment and to shift the burden to the respondent to produce evidence raising a genuine issue of material fact); *Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 671 (Tex. App.—Corpus Christi 2009, pet. denied). A no-evidence summary judgment motion cannot be conclusory or generally allege that there is no evidence to support the opponent's case. TEX. R. CIV. P. 166a(i) cmt.; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A proper no-evidence motion must state there is no evidence of one or more elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The purpose of this specificity requirement is to provide the nonmovant with adequate information for opposing the

motion and to define the issues for the purpose of summary judgment. *Timpte Indus.*, 286 S.W.3d at 311.

The Sadlers brought their DTPA action under TEX. BUS. & COM. CODE ANN. § 17.50(a)(1), (3) (West 2011). Section 17.50(a) states in relevant part:

> (a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:
> > (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:
> > > (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and
> > > (B) relied on by a consumer to the consumer's detriment; [or]
> > . . .
> > (3) any unconscionable action or course of action by any person[.]

*Id.*

Thus, to prevail on their DTPA claim, the Sadlers were required to show: (1) they are consumers; (2) Farm Bureau used or employed at least one of the laundry list items of false, misleading, or deceptive acts or practices that the Sadlers relied on to their detriment, or Farm Bureau engaged in an unconscionable action or course of action; and (3) these acts constituted a producing cause of the Sadlers' damages. *See id.*; *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, No. 08-11-00092-CV, 2012 WL 2627533, at *8 (Tex. App.—El Paso July 5, 2012, pet. denied); *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 21 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

In its no-evidence motion, Farm Bureau adequately set forth the elements as to which it claims there is no evidence. The motion states:

> Plaintiffs have no adequate proof that:
> > (1) Defendant Texas Farm Bureau Mutual Insurance Companies engaged in false, misleading or deceptive acts or practices;
> > . . . .
> > (3) Plaintiffs justifiably relied upon the acts or practices to their detriment;
> > (4) the acts or practices were a producing cause of Plaintiffs' damages; or
> > (5) Plaintiffs suffered any damages.

In its first and third assertions, Farm Bureau challenged the second element of the Sadlers' claim because the motion stated the Sadlers have no proof that Farm Bureau engaged in false, misleading, or deceptive acts or that the Sadlers justifiably relied on those acts to their detriment. In its fourth and fifth assertions, Farm Bureau challenged the third element of the Sadlers' claim because the motion stated the Sadlers have no proof that the acts caused the Sadlers' damages or that they even suffered damages. Therefore, Farm Bureau's no-evidence summary judgment motion is sufficient because it challenged at least one element of the Sadlers' DTPA claim on which they would have the burden of proof at trial, and, as a result, the burden shifted to the Sadlers to produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See* TEX. R. CIV. P. 166a(i).

We now address the Sadlers' claim that the trial court should not have granted Farm Bureau's no-evidence summary judgment motion because they adequately responded to the motion by notifying the trial court they were relying on their response to Farm Bureau's traditional motion for summary judgment and the affidavits attached to the response. Farm Bureau argues that the record contains no indication the Sadlers responded to the motion. We agree.

If a nonmovant wishes to defeat a no-evidence summary judgment motion, it must timely file a response to the motion. *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Except on leave of court, the nonmoving party must file a response not later than seven days before the day of the hearing. TEX. R. CIV. P. 166a(c). A court may grant no-evidence summary judgment if the nonmovant does not file a response and the motion is sufficient, but may not necessarily grant traditional summary judgment, under Rule 166a(c), for the same reasons. *Roventini*, 111 S.W.3d at 722; *Landers*, 257 S.W.3d at 746 ("as Texas courts have repeatedly held, the traditional prohibition against summary judgment by default is inapplicable to motions filed under Rule 166a(i)"). Rule 166a(i) does not require a party to

needlessly duplicate evidence already in the court's file, but a party must ensure the evidence is *properly* before the trial court for consideration in resolving a no-evidence summary judgment motion. *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (citing S*aenz v. S. Union Gas Co.*, 999 S.W.2d 490, 494 (Tex. App.—El Paso 1999, pet. denied)). Mere existence in the court's file of a response to an earlier summary judgment motion is not enough. *Saenz*, 999 S.W.2d at 494; *see also Blake*, 123 S.W.3d at 525 ("[t]he trial court was not required to search the record for evidence raising a material fact issue without more specific guidance"). A party properly places evidence before the trial court by requesting in a motion that the trial court take judicial notice of evidence already in the record or by incorporating the document or evidence in the party's motion. *Steinkamp v. Caremark*, 3 S.W.3d 191, 194 (Tex. App.—El Paso 1999, pet. denied).

This court's recent opinion in *Polinard v. Gilmore* directly addresses the Sadlers' claim. *Polinard v. Gilmore*, No. 04-12-00061-CV, 2012 WL 5354904 (Tex. App.—San Antonio Oct. 31, 2012, pet. denied) (mem. op.). Gilmore filed a no-evidence summary judgment motion challenging Polinard's counterclaims. *Id.* at *4. Polinard failed to respond, and the trial court granted the no-evidence motion. *Id.* On appeal, Polinard conceded in his brief that he did not file a response in the trial court but claimed there was evidence on file with the trial court for a previous summary judgment proceeding that the trial court could consider. *Id.* at *8. We concluded the trial court did not err in granting Gilmore's no-evidence motion because Polinard's failure to respond was fatal. *Id.*

The case before us is indistinguishable from *Polinard*. Nothing in the record suggests the Sadlers filed a response to the no-evidence motion. Nor does the record indicate they requested that the trial court take judicial notice of the affidavits attached to the response to Farm Bureau's traditional summary judgment motion. For these reasons, we must conclude the Sadlers did not

respond. Therefore, they did not meet their burden of producing more than a scintilla of evidence raising a genuine issue of material fact.

The Sadlers attached to their briefs affidavits of their trial counsel, who state that one of them sent a letter to Farm Bureau's trial counsel informing him that the Sadlers would be relying on their response to Farm Bureau's traditional motion for summary judgment, including the attached affidavits, and that both attorneys had asked the trial court at the hearing to consider the affidavits. In addition to the attorneys' affidavits, the Sadlers attached to their briefs the letter sent to Farm Bureau's trial counsel. However, neither the affidavits of the Sadlers' trial counsel nor the letter appear in the record.

The appellate record consists of the clerk's record and the reporter's record. TEX. R. APP. P. 34.1. An appellate court cannot consider documents attached to briefs that do not appear in the appellate record. *K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 97 (Tex. App.—San Antonio 2002, no pet.) (citing *Till v. Thomas*, 10 S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.)); *see also Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) (the Texas Supreme Court does not consider factual assertions that appear solely in briefs and are not supported by the record). Moreover, affidavits outside the record cannot be considered for any purpose other than determining jurisdiction. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (per curiam). Therefore, we are precluded from considering the affidavits and letter as indicating the Sadlers responded to Farm Bureau's motion because the documents are outside the record.

The Sadlers cite multiple cases suggesting an affidavit on file with the trial court is subject to consideration in a summary judgment proceeding regardless of whether it was filed for the current or a previous summary judgment proceeding. *See Vaughn v. Burroughs Corp.*, 705 S.W.2d 246, 248 (Tex. App.—Houston [14th Dist.] 1986, no writ) (holding that it was not reversible error

for trial court to consider evidence attached to previous summary judgment motions, even though the evidence was not incorporated by reference in the present summary judgment motion); *McCurry v. Aetna Cas. & Sur. Co.*, 742 S.W.2d 863, 867 (Tex. App.—Corpus Christi 1987, writ denied) (suggesting that, under Rule 166a(c), "so long as an affidavit is on file at the time of the summary judgment hearing, it need not have been filed specifically in support of or reply to the present motion for summary judgment"); *Arceneaux v. Lykes Bros. Steam Ship Co.*, 890 S.W.2d 191, 195 (Tex. App.—Beaumont 1994, writ denied) (the Court of Appeals would "consider all appropriately referenced summary judgment evidence wherever appearing in the transcript so long as it is a part of either current or prior summary judgment motions or responses"). However, these opinions address traditional summary judgment procedure, under Rule 166a(c). As previously stated, a court may grant no-evidence summary judgment if the nonmovant does not file a response and the motion is sufficient, but may not necessarily grant traditional summary judgment, under Rule 166a(c), for the same reasons.[1] *See Roventini*, 111 S.W.3d at 722; *Landers*, 257 S.W.3d at 746.

The Sadlers' second claim is that the trial court should not have granted Farm Bureau's no-evidence summary judgment motion because "the allegations in Farm Bureau's No-Evidence Motions for Summary Judgment are sufficient in and of themselves to raise a fact issue sufficient to preclude the summary judgment requested by Farm Bureau." *See, e.g.*, *Lyons v. Lindsey Morden Claims Mgmt., Inc.*, 985 S.W.2d 86, 92 (Tex. App.—El Paso 1998, no pet.) (admissions contained in a party's own pleadings that contradict that party's claim may constitute summary judgment

---

[1] The Sadlers also rely on *Whitaker v. Huffaker*, 790 S.W.2d 761 (Tex. App.—El Paso 1990, writ denied), and *Dixie Dock Enters. v. Overhead Door Corp.*, No. 05-01-00639-CV, 2002 WL 244324 (Tex. App.—Dallas Feb. 21, 2002, no pet.) (mem. op., not designated for publication). Neither case is relevant to the Sadlers' claim. Each addresses the effect of a party's failure to attach to an amended summary judgment motion affidavits that were attached to the original motion. *See Whitaker*, 790 S.W.2d at 763; *Dixie Dock*, 2002 WL 244324, at *3.

proof for the adverse party). We disagree. The allegations contained in Farm Bureau's no-evidence motion are not admissions. Farm Bureau was merely describing the Sadlers' pleadings in order to provide background for its no-evidence motion.[2] *See, e.g.*, *Roventini*, 111 S.W.3d at 724 (because appellees' motions for no-evidence summary judgment referred to appellants' pleadings as allegations and did not concede that the allegations were true, the court of appeals rejected appellants' claim that appellees "practically admit[ted]" in their motions that evidence existed on the challenged elements). Accordingly, Farm Bureau did not defeat its no-evidence motion by summarizing the Sadlers' pleadings.

CONCLUSION

Farm Bureau's no-evidence motion for summary judgment was sufficient to shift the burden to the Sadlers to produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. By failing to respond to the motion, the Sadlers failed to meet their burden, and the trial court did not err in granting no-evidence summary judgment in favor of Farm Bureau on the Sadlers' DTPA claim. Therefore, the Sadlers' sole issue is overruled, and the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

---

[2] For example, under a heading titled, "Plaintiffs' Legal Theory – DTPA," Farm Bureau stated in its supplemental no-evidence motion that, "Plaintiffs are relying solely on *alleged* statements made by the listing agent who sold them the policy, . . . before the policy was issued, that they would be 'fully covered.'" (emphasis added).